**Kenneth J. MASAT, Plaintiff-Appellant,**

v.

**UNITED STATES of America and Robert Solorio, Jr., Agent for the Internal Revenue Service, Defendants-Appellees.**

No. 83–2584
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 5, 1984.

Kenneth J. Masat, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Charles E. Brookhart, Douglas G. Coulter, Tax Div., U.S. Dept. of Justice, Washington, D.C., Daniel K. Hedges, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., for defendants-appellees.

---

Before RUBIN, POLITZ, and GAR-WOOD, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

■ When the Internal Revenue Service issues a summons for records pertaining to a taxpayer directed to a third person at the place where that person resides, the district court for the district in which that person resides is the court with jurisdiction to entertain an action by the taxpayer seeking to quash that summons. We, therefore, affirm the dismissal by the court of the district in which a taxpayer resides of a petition to quash an administrative summons sought from a recordkeeper which had its principal place of business in another judicial district.

Kenneth J. Masat, a resident of Texas, is currently under investigation by the Internal Revenue Service (the "IRS") concerning his potential tax liability. Pursuant to this investigation, the IRS issued a summons directed to the Continental Federal Credit Union ("Continental"), a corporation whose principal place of business is El Segundo, California, and whose residence is therefore in El Segundo, seeking various records and documents in its possession relating to Masat's financial activities.

Masat filed a petition to quash the summons in the district court for the Eastern District of Texas. The IRS then moved to dismiss the petition for lack of jurisdiction and for failure to state a claim for which relief could be granted.[1] The motion to dismiss alleged, *inter alia*, that the district court lacked jurisdiction because the person summoned, Continental, resided in California.[2]

Section 7609[3] of the Internal Revenue Code, which relates to summons directed to

1. Fed.R.Civ.P. 12(b).

2. *See infra* note 3.

3. 26 U.S.C. § 7609 (1954) (as amended 1982) provides in part:

§ 7609. Special procedures for third-party summonses (a) Notice.—
(1) In general.—If—
(A) any summons described in subsection (c) is served on any person who is a third-party recordkeeper, and
(B) the summons requires the production of any portion of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records contained in the summons,
then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

  .    .    .    .    .

(b) Right to intervene; right to proceeding to quash—
(1) Intervention.—Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.
(2) Proceeding to quash.—
(A) In general.—Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.
(B) Requirement of notice to person summoned and to Secretary.—If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).
(C) Intervention;    etc.—Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

  .    .    .    .    .

(h) Jurisdiction of district court; etc.—
(1) Jurisdiction.—The United States district court for the district within which the per-

third parties in IRS investigations, was amended by Section 331 of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA").[4] Under prior law, when the IRS issued a summons to a third-party recordkeeper for records relating to a particular taxpayer, the taxpayer could automatically stay the recordkeeper's compliance with the summons simply by instructing the third-party recordkeeper in writing not to comply with the summons. Once the taxpayer gave written notice to the third-party recordkeeper not to comply, no examination of the summoned records could take place absent a court order. Prior to TEFRA, therefore, the Government had to institute an action seeking summary enforcement of the summons.

This procedure, however, created many problems. As the Joint Committee on Taxation noted, "The automatic stay provisions enacted in 1976 have been so easy to use that taxpayers have frequently delayed enforcement of summonses without considering the merit of any objection they might have."[5] The objections were mainly dilatory, most taxpayers failed to contest the summonses when the Internal Revenue Service sought enforcement, and, when they did, the Internal Revenue Service prevailed "in the vast majority of actions it brings to enforce third-party summonses."[6]

Congress, therefore, enacted Section 331 of TEFRA, shifting to the taxpayer the burden of instituting an action to quash an IRS summons issued to a third-party recordkeeper. "The committee believes that shifting the burden of commencing litigation with respect to the validity of a third-party recordkeeper summons will eliminate most of the frivolous delay permitted under present law without adversely affecting the rights of taxpayers."[7]

Section 7609 now permits the IRS to issue a summons to any third-party recordkeeper requiring the production of records and documents in its possession relating to a specific taxpayer's financial activities.[8] Notice of the summons must be given to the taxpayer. The taxpayer then has the right to intervene and begin a proceeding to quash the summons or, if a proceeding to enforce it has been commenced, to intervene in a proceeding to enforce it.[9] If the taxpayer does not begin a proceeding within the prescribed time period, the IRS may enforce the summons. Of course, if there is a pending proceeding, the taxpayer protects his position by intervention in that proceeding.

Jurisdiction to hear and to determine a taxpayer's petition to quash rests with "[t]he United States district court for the district within which the person to be summoned resides or is found...."[10] The provision conferring jurisdiction on the district in which the summoned person is found is obviously a companion to the provision permitting a summons to be issued initially in the place where that person is found. It is not intended to permit a summons directed to a third-person recordkeeper at that recordkeeper's residence to be challenged wherever else in the world the recordkeeper may be found.

There is a sound rationale for this limitation of jurisdiction. The taxpayer's motion to quash is directed towards an existing summons issued by the IRS to the third-party recordkeeper. Given Congress's

son to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2).... An order denying the petition shall be deemed a final order which may be appealed.

**4.** Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.L. No. 97–248, 96 Stat. 324.

**5.** S.Rep. No. 494 (Vol. 1), 97th Cong., 2d Sess. 282 (1982), U.S.Code Cong. & Admin.News 1982, pp. 781, 1027.

**6.** *Id.*

**7.** *Id.*

**8.** 26 U.S.C. § 7609(a) (1954) (as amended 1982).

**9.** 26 U.S.C. §§ 7609(b)(1); (2) (1954) (as amended 1982).

**10.** 26 U.S.C. § 7609(h)(1) (1954) (as amended 1982).

twin goals of shifting to the taxpayer the burden of instituting an action to quash an IRS summons issued to a third-party recordkeeper and of removing the delays in tax investigations, it is only logical that jurisdiction be vested in the district where the summons is to be answered. Allowing jurisdiction to be determined by the location of the taxpayer, as Masat argues, would force the mountain to come to Mohammed, and would undercut both objectives of Section 7609.

Masat also argues that the existence of a branch office of Continental in Houston, Texas, is sufficient to cause this court to find that Continental "resides or is found" in Texas for purposes of establishing jurisdiction. Masat is precluded from raising this issue on appeal, however, because he never raised this point in the district court. "As a general principle of appellate review, this court will not consider a legal issue or theory that was not presented to the trial court.... '[J]udicial economy is served and prejudice is avoided by binding the parties to the facts presented and the theories argued below.' " [11]

This court is solely a court of appeals, and its powers are limited to reviewing issues raised in, and decided by, the trial court. We do not consider, therefore, issues not urged in the trial court except when our failure to do so would lead to grave injustice.[12] We find no such injustice here because the record indicates that, although Continental had a branch office in Houston, Texas, the records subpoenaed were actually located at the corporation's main office in El Segundo, California. We intimate no opinion concerning whether, in the case of a third party with several offices, a subpoena may be directed to the branch office where the records are actually located, nor do we have occasion to consider whether the availability of duplicate copies of records in the district of the taxpayer's residence would require a different result.

For these reasons, we find that the district court was correct in its determination that it had no jurisdiction over this case, and we therefore AFFIRM.

---

**11.** *Bliss v. Equitable Life Assurance Society,* 620 F.2d 65, 70 (5th Cir.1980), *quoting Higginbotham v. Ford Motor Co.,* 540 F.2d 762, 768 n. 10 (5th Cir.1976).

**12.** *Calmaquip Engineering West Hemisphere Corp. v. West Coast Carriers, Ltd.,* 650 F.2d 633 (5th Cir.1981); *In re Corrugated Container Antitrust Litigation,* 647 F.2d 460 (5th Cir.1981).