**Richard A. DEAL, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 84–2582

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 2, 1985.

Ronald H. Tonkin, Houston, Tex., for plaintiff-appellant.

Joe A. Pitzinger, III, Dept. of Justice, Dallas, Tex., Daniel K. Hedges, U.S. Atty., Houston, Tex., James R. Gough, Asst. U.S. Atty., Patricia Bowman, Atty., Appellate Section, Tax Div., U.S. Dept. of Justice, Washington, D.C., Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Sec., Charles E. Brookhart, for defendant-appellee.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

Taxpayer, Richard A. Deal, appeals from the dismissal of his petition to quash third-party summonses issued by the IRS to three third-party record keepers. The district court dismissed Deal's motion to quash for lack of subject matter jurisdiction under 26 U.S.C. § 7609(h)(1). On appeal, Deal asserts that § 7609(h)(1) is merely a venue statute and not a jurisdictional statute. Finding that Deal's argument is precluded by this Court's recent decision in

**443**

*Masat v. United States,* 745 F.2d 985 (5th Cir.1984), this Court affirms the order of the district court.

## I. BACKGROUND

Pursuant to an investigation by the Internal Revenue Service (IRS) of appellant Richard A. Deal's potential tax liabilities, the IRS issued three third-party summonses directed to two law firms and to an individual. The IRS requested records relating to the tax affairs of Deal such as records of billings, dates of meetings and names of those present, dates of phone calls and names of individuals called. All the summonses were served on each of the third parties in Atlanta, Georgia.

Deal was notified of the summons pursuant to 26 U.S.C. § 7609(a)(1)(B). Having his domicile in the Southern District of Texas, Deal filed in that district a petition to quash the summonses. In response, the IRS filed a motion to dismiss appellant's petition for lack of subject matter jurisdiction, contending that jurisdiction was exclusively in the Northern District of Georgia where the third-party record keepers were located. Thereafter, appellant filed an amended petition to transfer the petition to quash to the Northern District of Georgia. The district judge granted the IRS's motion to dismiss, ruling that the Southern District of Texas has no subject matter jurisdiction over the petition, thereby summarily denying appellant's motion to transfer.

## II. DISCUSSION

An IRS summons directed to third-party record keepers is subject to special procedures of the Internal Revenue Code, 26 U.S.C. § 7609 *et seq* (1954) (as amended 1982). Appellant has a right to challenge the summons in a proceeding to quash as provided by § 7609(b)(2). The disputed provision relevant to this case is 26 U.S.C. § 7609(h)(1) which states:

(h) Jurisdiction of district court; etc.—

(1) *Jurisdiction.*—The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under

subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

Appellant's interpretation is that section 7609(h)(1) is not *per se* a jurisdictional statute, but one giving preferential venue to a federal district where the third party record keeper resides or is found. Thus, the thrust of appellant's argument is that Congress intended the jurisdictional limitation in § 7609(h)(1) to serve only as a special venue statute. Deal concedes, however, that the district court's dismissal is proper if § 7609(h)(1) is jurisdictional.

Appellant's argument is precluded by this Court's recent decision in *Masat v. United States,* 745 F.2d 985 (5th Cir.1984), holding that jurisdiction is exclusively in the district where the third-party record keepers reside. This Court in Masat expressly interpreted the statute as a jurisdictional limitation. This Court stated the following rationale for its decision:

> There is a sound rationale for this limitation of jurisdiction. The taxpayer's motion to quash is directed towards an existing summons issued by the IRS to the third-party recordkeeper. Given Congress's twin goals of shifting to the taxpayer the burden of instituting an action to quash an IRS summons issued to a third-party recordkeeper and of removing the delays in tax investigations, it is only logical that jurisdiction be vested in the district where the summons is to be answered. Allowing jurisdiction to be determined by the location of the taxpayer, as Masat argues, would force the mountain to come to Mohammed, and would undercut both objectives of Section 7609.

*Id.* at 987–88. In this case, all the third-party record keepers resided in and were found in Atlanta, Georgia. Accordingly, the district court correctly determined that it had no jurisdiction over this case. Because Deal concedes that dismissal was proper if § 7609(h)(1) is jurisdictional, the order of the district court is

AFFIRMED.