Ezekiel **CLAY IV,** individually and as Trustee for the Trust of Ezekiel Clay IV, Clay Asset Management Trust, Clay Equity Company, Clay Vehicle Company, Clay Leasing Company and Clay Charitable Trust, Petitioners–Appellants,

v.

UNITED STATES of America, Respondent–Appellee.

No. 99–3175.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 22, 1999.

Decided Dec. 20, 1999.

Matthew Gilmartin (argued and briefed), Rocky River, OH, Joe A. Izen, Jr., Izen & Associates, P.C., Bellaire, TX, for Petitioners–Appellants.

John A. Dudeck Jr. (argued and briefed), Joel L. McElvain (briefed), U.S. Department of Justice, Tax Division, Appellate Section, Washington, DC, for Respondent–Appellee.

Before: KEITH, CONTIE, and NORRIS, Circuit Judges.

## OPINION

CONTIE, Circuit Judge.

Petitioners-appellants, Ezekiel Clay IV, et al., appeal the judgment of the district court dismissing their petition to quash IRS summonses to a third-party record-keeper because the petition was untimely filed. For the following reasons, we affirm.

### I.

The Internal Revenue Service ("IRS"), pursuant to an income tax investigation of petitioner Clay and several trusts of which he is the trustee ("petitioners"), issued seven summonses to a third-party recordkeeper, Key Bank of Dayton, Ohio, on June 16, 1998, requesting information regarding the tax liability of Mr. Clay and the trusts. On the same date, June 16, 1998, in accordance with 26 U.S.C. § 7609, the IRS gave notice to petitioners of the service of the summonses on Key Bank by sending petitioners by certified mail a copy of the summonses and an explanation of their right to file a petition to quash the summonses within twenty days. Petitioners filed a petition to quash the summonses on July 8, 1998, which was twenty-two days after notice of the summonses had been mailed to them. The district court dismissed the petition to quash, stating that because the petition was not timely filed, the court lacked jurisdiction. Petitioners timely filed an appeal.

## II.

We must decide whether the district court erred in finding that it lacked jurisdiction over the petition to quash the summonses because the petition was not timely filed.

■ Section 7609 of the Internal Revenue Code provides a specific set of rules for IRS summons issued to "third-party recordkeepers," a term that is defined to include various third parties, such as banks and credit unions, which customarily maintain records of individual or business financial transactions. 26 U.S.C. § 7609(a)(3)(A). When the IRS serves a summons on a third-party recordkeeper, it must also give notice to the person to whom the records pertain. Such notice must be accompanied by a copy of the summons which has been served on the third-party recordkeeper and must contain an explanation of the taxpayer's right to bring a proceeding to quash the summons. 26 U.S.C. § 7609(a)(1). With regard to the timing of the notice, subsection (a)(1) provides that "notice of the summons shall be given to ... [such] person ... within 3 days of the day on which such service is made [upon the third-party recordkeeper]." *Id.* The recipient of notice of the summons may then file a petition to quash the summons pursuant to 26 U.S.C. § 7609(b)(2)(A), which states in relevant part:

> In general. Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2).

Subsection (a)(2) specifies, in part, that notice of the right to file a petition to quash is "sufficient" if it is mailed by certified or registered mail to the last known address of the person entitled to notice. Courts have determined that notice is "given in the manner provided in subsection (a)(2)" on the date on which notice is mailed by certified or registered mail to the taxpayer under investigation. *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir.1990); *Stringer v. United States*, 776 F.2d 274, 275 (11th Cir.1985); *Franklin v. United States*, 581 F.Supp. 38, 39 (E.D.Mich.1984). Thus, according to the statute, a taxpayer entitled to notice must begin a proceeding to quash a summons to a third-party recordkeeper within twenty days from the date on which notice of the summons and the right to file a petition to quash is mailed by the IRS by certified or registered mail to him.

In the present case, the United States argues that the twenty-day filing requirement of section 7609(b)(2)(A) is jurisdictional, and the district court lacked jurisdiction because the petition to quash the summonses was not filed until July 8, 1998, which was twenty-two days after notice of the summonses and the right to file a petition to quash was mailed by certified mail to petitioners on June 16, 1998. The United States argues that because the petition to quash was not filed within the twenty days allowed under the statute, the district court was correct in dismissing the petition for lack of jurisdiction.

Petitioners argue that the petition to quash was timely filed. Petitioners do not contest that notice was given to them within the meaning of section 7609(a)(2) on June 16, 1998, the date the IRS mailed them a copy of the summonses and an explanation of their right to file a petition to quash. They argue, however, that in addition to the twenty days specified in section 7609(b)(2)(A), they are entitled to an additional three days in which to file a petition to quash pursuant to Fed.R.Civ.P. 6(e). They contend that the district court improperly dismissed the petition to quash, because Fed.R.Civ.P. 6(e) should have been applied. They argue that Rule 6(e) gave them an additional three days in which to file their petition to quash, because notice of the summonses was sent to them by certified mail. Petitioners argue

that because the petition to quash was filed within twenty-three days after notice was mailed to them, the petition was timely filed.

■ We agree with the IRS for the following reasons. Three courts of appeals have held that a petition to quash a third-party recordkeeper summons, which is filed more than twenty days after the date on which notice of the summons is mailed to the taxpayer, must be dismissed for lack of jurisdiction. *Faber*, 921 F.2d at 1119; *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir.1985); *Stringer*, 776 F.2d at 275. These courts reasoned that under the doctrine of sovereign immunity, the United States is not subject to suit absent its consent. According to section 7609, the United States has consented to be sued in regard to a third-party recordkeeper summons only if a petition to quash the summons is filed by the taxpayer within twenty days after notice of the summons has been mailed to him. These courts conclude that if the twenty-day requirement is not met, the court lacks jurisdiction to hear the motion to quash. *Id.*

■ We agree with this reasoning. The jurisdiction of a district court to hear a proceeding to quash a third-party recordkeeper summons is based on 26 U.S.C. § 7609(h). A proceeding to quash is, in effect, a civil suit against the United States. It is fundamental that the United States, as sovereign, is immune from suit without its consent. *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The "terms of its consent to be sued in any court determine that court's jurisdiction to entertain the suit," and "[a] statute of limitations requiring that a suit against the Government be brought within a certain time period is one of those terms." *Dalm*, 494 U.S. at 608, 110 S.Ct. 1361. Moreover, any waiver of the United States' immunity from suit must be unequivocal. *United States Dep't of Energy v. Ohio*, 503 U.S. 607, 615, 112 S.Ct. 1627, 118 L.Ed.2d 255 (1992); *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976).

Because any exercise of a court's jurisdiction over the United States depends on the United States' consent, the waiver of sovereign immunity in regard to 26 U.S.C. § 7609 must be strictly construed. *Ponsford*, 771 F.2d at 1309. The wording of the statute is clear and unambiguous. *Stringer*, 776 F.2d at 275. The plain language of section 7609(b)(2)(A) mandates that motions to quash must be filed within twenty days from the date notice is given. Subsection (a)(2) states that notice is "sufficient" or "given" on the date notice is mailed by the IRS by certified or registered mail to the taxpayer under investigation. *Id.* As the court in *Faber* stated, "The government's waiver of sovereign immunity ends—and thus jurisdiction ends—when the twenty-day limitation period has run." 921 F.2d at 1119. *See also Callahan v. Schultz*, 783 F.2d 1543, 1545 (11th Cir.1986) (government's consent to sue requires strict compliance with twenty-day rule).

In the present case, the IRS gave notice on June 16, 1998, the date the summonses to Key Bank were served and notice of service of the summonses and the right to file a petition to quash were mailed by certified mail to petitioners. Petitioners had twenty days from this date, or until July 6, 1998, in which to file their petition to quash. However, petitioners did not file their petition to quash until July 8, 1998, two days after the period contemplated by section 7609(b)(2)(A) had expired. The district court held that it did not have jurisdiction over the petition to quash, because the petition was not timely filed within the twenty-day period specified under the statute. We agree. Because petitioners filed their petition to quash on the twenty-second day after notice of the summonses had been mailed to them, they did not fulfill the condition of the United

States' waiver of sovereign immunity, and the district court was without jurisdiction to entertain the suit. *Dalm,* 494 U.S. at 608, 110 S.Ct. 1361.

Petitioners argue that Fed.R.Civ.P. 6(e) extends the time period specified in section 7609(b)(2)(A) by three days because notice of the summonses was mailed to them. Rule 6(e) states:

*Additional time after service by mail.* Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

Because Fed.R.Civ.P. 6(e) adds three days to a prescribed period to act when a paper is served by mail, petitioners conclude that they were entitled to an extra three days, or a total of twenty-three days, in which to commence a proceeding to quash the summonses. They are mistaken. First, in relying on Rule 6(e), petitioners argue contrary to the clear language of section 7609, which mandates a filing within twenty days, *"[n]otwithstanding any other law or rule of law."* 26 U.S.C. § 7609(b)(2)(A) (emphasis added). The application of Rule 6(e) to section 7609(b)(2)(A) to extend the limitations period would, thus, contravene the express language of the statute.

■ Moreover, by its plain language, Rule 6(e) provides additional time only for "a party." A person becomes "a party" only by beginning a lawsuit, Fed.R.Civ.P. 3, or by being joined as a party after a suit has been instituted. A noticee of a summons under 26 U.S.C. § 7609 is not a "party" during the twenty-day filing period unless and until a suit is commenced. Therefore, by its terms, Rule 6(e) has no application to the time period before the filing of a petition to quash because the taxpayer has not yet become a party. Rule 6(e) and the three-day extension it provides have consistently been held to be inapplicable to jurisdictional periods for commencing a proceeding in the district court. *United States v. Easement and Right-of-Way,* 386 F.2d 769, 771 (6th Cir. 1967); *Brohman v. Mason,* 587 F.Supp. 62, 63 (W.D.N.Y.1984). Also, pursuant to section 7609(a)(2), notice to the taxpayer is synonymous with mailing, and actual service is permitted, but it is not required. Because Rule 6(e) clearly contemplates a situation in which notice occurs only when a party is formally served, by its terms, the Rule has no application in the present case.

Finally, Fed.R.Civ.P. 82 tightly circumscribes application of the Federal Rules of Civil Procedure, mandating that they "not be construed to extend or limit the jurisdiction of the United States district courts...." Because application of Rule 6(e) to section 7609(b)(2)(A) would extend the district court's jurisdiction, Fed. R.Civ.P. 82 forbids construction of Rule 6(e) to reach such a result. *See Whipp v. Weinberger,* 505 F.2d 800, 801 (6th Cir. 1974). For these reasons, we find that petitioners' argument that Rule 6(e) gave them an additional three days in which to file their petition to quash has no merit.

## III.

To conclude, the district court correctly dismissed petitioners' motion to quash the third-party recordkeeper summonses for lack of jurisdiction because the motion was not timely filed. We follow the Ninth, Tenth, and Eleventh Circuits in holding that in order to comply with the requirements of 26 U.S.C. § 7609(b)(2)(A), a taxpayer's motion to quash an IRS third-party recordkeeper summons must be filed within twenty days from the date notice of the summons and the right to file a petition to quash is mailed to the taxpayer by the IRS. This twenty-day limit must be strictly construed because it is a condition precedent to the United States' waiver of sovereign immunity. *Ponsford,* 771 F.2d at 1309. Because petitioners failed to comply with the twenty-day filing require-

ment of section 7609(b)(2)(A), the district court did not have jurisdiction. The decision of the district court is hereby **AFFIRMED.**