199 F.3d 848 (6th Cir. 1999)
 Douglas R. Shisler, Mary Ann Shisler, Libera Services Company Ltd., Shisler Family Irrevocable Trust, MDS Global Company, Cypress Funds, Inc., MDS International, Petitioners-Appellants,
v.
United States of America, Respondent-Appellee.
 No. 99-3027
 UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT
 Argued: November 22, 1999,
Decided and Filed: December 28, 1999
 
 Matthew Gilmartin, Rocky River, Ohio, Joe A. Izen, Jr., Izen & Associates, P.C., Bellaire, TX, for Petitioners-Appellants.
 Annette G. Butler, Assistant U.S. Attorney, Cleveland, Ohio, John A. Dudeck, Charles E. Brookhart, U.S. DEPARTMENT OF JUSTICE, APPELLATE SECTION TAX DIVISION, Washington, D.C., Joel L. McElvain, U.S. Department of Justice, Tax Division, Appellate Section, Washington, D.C., for Respondent-Appellee.
 Before: KEITH, CONTIE, and NORRIS, Circuit Judges.
 Appeal from the United States District Court for the Northern District of Ohio at Cleveland, No. 98-01259--George W. White, District Judge.
 OPINION
 CONTIE, Circuit Judge.
 
 
 1
 Petitioners-appellants, Douglas Shisler, et al., appeal the judgment of the district court, dismissing their petition to quash IRS summonses to third-party recordkeepers because the petition was untimely filed. For the following reasons, we affirm.
 
 I. Facts
 
 2
 The Internal Revenue Service ("IRS"), pursuant to an income tax investigation of petitioner Shisler and several trusts of which he is the trustee ("petitioners"), served third-party recordkeeper summonses on Bank One and Key Bank on May 7, 1998, requesting various records pertaining to petitioners for the period January 1, 1995, through the date of the summonses. On May 8, 1998, the IRS served additional summonses on National City Bank and Chippewa Valley Bank pertaining to petitioners for the same tax periods. On the same dates that the summonses were served on the third-party banks (May 7, 1998 and May 8, 1998), the IRS mailed to petitioners by certified mail notices of these summonses and an explanation of their right to file a petition to quash the summonses within twenty days.
 
 
 3
 On May 30, 1998, petitioners filed a petition to quash the summonses in the United States District Court for the Northern District of Ohio. The petition was filed twenty-three days after notice of the Bank One and Key Bank summonses was sent to petitioners by certified mail and twenty-two days after notice of the National City Bank and Chippewa Valley Bank summonses was sent to them by certified mail.
 
 
 4
 The United States filed a motion to dismiss the petition to quash on the ground that the district court lacked jurisdiction. The United States argued that petitioners failed to file their petition to quash within the twenty-day period after being notified, as specified in 26 U.S.C. §a7609(b)(2)(A) of the Internal Revenue Code, and therefore they had not complied with the terms of the United States' consent to be sued in regard to the summonses. The United States argued that the district court therefore lacked jurisdiction, and the case must be dismissed.
 
 
 5
 Petitioners filed a response to the motion to dismiss. They argued that equitable tolling applied because the dates on which they were given notice of the summonses were nebulous. They also argued that, pursuant to Fed. R. Civ. P. 6(e), they were entitled to an additional three days in which to file their petition to quash because notice of the summonses had been sent to them by United States mail. They argued because they filed their petition to quash within twenty-three days after being notified, their petition was timely filed.
 
 
 6
 On October 1, 1998, petitioners submitted supplemental exhibits containing copies of the certified mail receipts, indicating the dates on which notices of the summonses had been mailed to them by the IRS. Receipts for the certified mail showed that notices of the summonses had been mailed to petitioners on May 7, 1998 and May 8, 1998, respectively. In addition, following a non-evidentiary hearing held on October 8, 1998, the United States, at the district court's request, submitted a declaration of a revenue agent, verifying that the notices had been mailed to petitionersby certified mail on either May 7, 1998 or May 8, 1998, as indicated by the certificate on the reverse side of each summons.
 
 
 7
 On November 9, 1998, the district court granted the United States' motion to dismiss the petition to quash. The court stated that the twenty-day limitation period of section 7609(b)(2)(A) was a jurisdictional limitation which served as a conditional waiver of the United States' sovereign immunity. The court held that a district court did not have jurisdiction over a petition to quash if the petitioner failed to comply with the twenty-day filing period of section 7609(b)(2)(A). Since petitioners had filed their petition on either the twenty-second or twenty-third day after the respective notices of summonses had been mailed to them, they did not meet the twenty-day filing requirement. Therefore, the district court concluded that it lacked jurisdiction to hear the petition to quash. Petitioners then filed this timely appeal.
 
 
 8
 II. Legal Background Regarding Summons to Third-Party Recordkeepers
 
 
 9
 Section 7609 of the Internal Revenue Code provides a specific set of rules for IRS summons issued to "third-party recordkeepers," a term that is defined to include various third parties, such as banks and credit unions, which customarily maintain records of individual or business financial transactions. 26 U.S.C. §a7609(a)(3)(A). When the IRS serves a summons on a third-party recordkeeper, it must also give notice to the person to whom the records pertain. Such notice must be accompanied by a copy of the summons which has been served on the third-party recordkeeper and must contain an explanation of the taxpayer's right to bring a proceeding to quash the summons. 26 U.S.C. §a7609(a)(1). With regard to the timing of the notice, this subsection provides that "notice of the summons shall be given to . . . [such] person . . . within 3 days of the day on which such service is made [upon the third-party recordkeeper]." Id. The recipient of the notice of the summons may then file a petition to quash the summons pursuant to 26 U.S.C. §a7609(b)(2)(A), which states in relevant part:
 
 
 10
 In general. Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2).
 
 
 11
 Subsection (a)(2) specifies, in part, that notice is "sufficient" if it is mailed by certified or registered mail to the last known address of the person entitled to notice. Courts have determined that notice is "given in the manner provided in subsection (a)(2)" on the date on which notice is mailed to the taxpayer under investigation by certified or registered mail. Faber v. United States, 921 F.2d 1118, 1119 (10th Cir. 1990); Stringer v. United States, 776 F.2d 274, 275 (11th Cir. 1985). Thus, according to the statute, a taxpayer entitled to notice must begin a proceeding to quash a summons to a third-party recordkeeper within twenty days from the date on which notice of the summons and the right to file a petition to quash is mailed by certified or registered mail to him by the IRS.
 
 III. Notice
 
 12
 Petitioners first argue that the United States failed to show by competent evidence that notice of the summonses and an explanation of their right to file a motion to quash was mailed to them by certified mail on the dates stated in the United States' motion to dismiss--on May 7, 1998, and May 8, 1998. Without citing any authority, petitioners contend that a postal service date stamp and the declaration of the person who actually mailed the notices is required in order to establish the dateson which the notices were mailed by the IRS to petitioners.
 
 
 13
 The district court found in regard to this issue that "on Maya7, 1998 and May 8, 1998, the IRS sent copies of the summonses to Petitioners via certified mail." The record supports the district court's finding. The record contains copies of the Service of Summons, Notice, and Recordkeeper Certificates of the IRS, which specify that the dates of giving notice to petitioners were on May 7, 1998 and May 8, 1998, respectively. See Joint Appendix at 75-154. The record also contains the Postal Service receipts for certified mail, which were signed by petitioner Shisler, and which indicate by handwritten notation that the dates of certified mailing were on May 7, 1998, and May 8, 1998, respectively. See Joint Appendix at 242-43. In addition, the United States submitted a declaration of a revenue agent, verifying that notices of the summonses had been mailed to petitioners by certified mail on either May 7, 1998 or May 8, 1998.
 
 
 14
 Petitioners' argument that the district court erred in relying on this evidence has no merit. The statute at issue provides that notice to the taxpayer about the summonses served on third-party recordkeepers "shall be sufficient" if notice is mailed to the noticee by certified mail within three days of the day on which service of the original summons is made on the third-party recordkeeper. 26 U.S.C. §§a7609(a)(1) and (2). In the present case, the evidence shows that notices of the summonses were mailed to petitioners (the taxpayer entitled to notice) by certified mail on the same days the summonses were served on the third-party recordkeepers--May 7, 1998 and May 8, 1998. The purpose of sections 7609(a) and (b)(2)(A) is to allow the noticee to bring a petition to quash within twenty days by giving him notice that his bank has been summoned to furnish the IRS with records and other documents relating to the noticee's financial affairs. In the present case, the purpose of the statute was clearly fulfilled as the evidence demonstrated that notice of the summonses and an explanation of petitioners' right to bring a motion to quash had been sent to petitioners by certified mail on May 7, 1998 and May 8, 1998.
 
 
 15
 Petitioners contend that the certified mail receipts were insufficient to prove the dates of mailing, because they did not have a valid postmark from the Postal Service, but merely contained handwritten notations of the dates of mailing. There is no authority on which petitioners can rely that states such evidence is insufficient. Neither the statute nor case law require the IRS to produce the additional evidence that petitioners allege is necessary-- a statement of the person who actually mailed the notices and the Postal Service date stamp, rather than a handwritten date on the certified mail receipts. For these reasons, we find the district court was correct in concluding that the IRS complied with the notice provisions of sections 7609(a)(1) and (2) and that notice to petitioners was given on May 7, 1998 and May 8, 1998, respectively. The district court is affirmed on this issue.
 
 IV. Equitable Tolling
 
 16
 Petitioners argue that the district court should have applied the doctrines of equitable tolling and equitable estoppel to the twenty-day time period in which to bring a suit to quash a third-party summons.[1] The doctrine of equitable tolling permits a prospective plaintiff to delay filing suit beyond the statute of limitations if, despite due diligence on his part, he is given insufficient notice or cannot timely obtain the information he needs in order to determine whether he has a claim on which a suit can be founded. Flight Attendants Against UAL Offset (FAAUO) v.Commissioner, 165 F.3d 572, 575 (7th Cir. 1999).
 
 
 17
 We find that it is not necessary for us to reach the issue of whether the doctrine of equitable tolling can be invoked to toll the statute of limitations specified in 26 U.S.C. §a7609(b)(2)(A), because petitioners provide no factual reason why principles of equity should be applied in the present case. The only argument petitioners make in regard to equitable tolling is that the dates of the certified mailings are nebulous. However, as previously discussed, the dates of certified mailing of notice to petitioners are not nebulous, but occurred on May 7, 1998 and May 8, 1998, respectively. Thus, there is no question that notice was sufficient and given in the manner prescribed by the statute.
 
 
 18
 Equitable tolling is available in suits only where notice is insufficient or "where the claimant has actively pursued his judicial remedies by filing a defective pleading [during the statutory period] or where he has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 90 (1990); See also Juice Farms, Inc. v. United States, 68 F.3d 1344, 1346 (Fed. Cir. 1995). In the present case, petitioners did not argue before the district court that a defective pleading was filed or that the IRS somehow tricked or induced petitioners into missing the filing deadline. Thus, petitioners have stated no factual basis for application of the doctrine of equitable tolling. See Flight Attendants, 165 F.3d at 577 (court refuses to decide whether equitable tolling "may ever be invoked in a federal tax case," because the plaintiff did not make a case for equitable tolling based on the facts). In the present case, as in Flight Attendants, petitioners have not made a case for equitable tolling based on the facts. Therefore, there is no reason for this court to decide whether the doctrine of equitable tolling applies to 26 U.S.C. §a7609, and we decline to address the issue.
 
 V. Fed. R. Civ. P. 6(e)
 
 19
 Petitioners argue that the district court improperly dismissed the petition to quash because Fed. R. Civ. P. 6(e) should have been applied and gives them an additional three days beyond the twenty-day period of section 7609(b)(2)(A) in which to file their petition to quash. Petitioners argue that because the petition to quash was filed within twenty-two and twenty-three days, respectively, it was timely filed. The IRS argues that the twenty-day filing requirement of section 7609(b)(2)(A) is jurisdictional, and that in the present case, the district court lacked jurisdiction because the petition to quash the summonses was not timely filed within twenty days.
 
 
 20
 We have found in a published opinion, Clay v. United States, No. 99-3175 (6th Cir. Dec. 20, 1999) that a petition to quash a third-party summons that is filed more than twenty days after the IRS mails notice of the summons to the taxpayer must be dismissed for lack of jurisdiction, and that Fed. R. Civ. P. 6(e) does not extend the statute of limitations for commencing the suit by three days. Therefore, the district court is affirmed on this issue.
 
 VI. Conclusion
 
 21
 A taxpayer's motion to quash an IRS third-party summons must be filed within twenty days from the date notice of the summons is sent by certified mail to the taxpayer in order to comply with the requirements of 26 U.S.C. §a7609(b)(2)(A). Because petitioners in the present case did not file a petition to quash until the 22nd or 23rd day after notice was given, the district court correctly dismissed petitioners' motion to quash for lack of jurisdiction. For these reasons, the decision of the district court is hereby AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 Petitioners did not discuss the issue of equitable estoppel before the district court and may not raise the issue for the first time on appeal.