**Hilary M. BECK; Marilyn J. Beck,
Plaintiffs–Appellants,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

No. 02–6184.

United States Court of Appeals,
Sixth Circuit.

March 7, 2003.

Before MOORE and GIBBONS, Circuit Judges; and COHN, District Judge.*

*ORDER*

Hilary M. Beck, and his wife, Marilyn J. Beck, Kentucky residents proceeding pro se, appeal a district court judgment denying their petition to quash six third-party administrative summonses issued by the Internal Revenue Service ("IRS"), which was filed pursuant to 26 U.S.C. § 7609(b)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 4, 5, 6, and 7, 2001, IRS Special Agent Paul K. Valentine issued third-party administrative summonses to five financial institutions and one certified

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

public accountant, requesting financial information and records pertaining to the Becks. The summonses were issued by the IRS in connection with an investigation into the Becks' federal income tax liability for the years 1995 through 1999. On December 4, 5, 6, and 8, 2001, the Becks were notified by certified mail that the summonses had been served on the third-party record keepers. On December 27, 2001, the Becks filed a petition to quash all six summonses, claiming that the IRS lacked authority to issue the summonses because they are not "subject to or liable for *any* revenue tax."

The United States filed a motion for summary denial of the Becks' petition to quash the summonses, to which the Becks responded. On September 11, 2002, the district court granted the United States' motion and dismissed the case. The Becks have filed a timely appeal.

We review for clear error a district court's denial of a petition to quash an IRS summons. *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir.1995). Under the clearly erroneous standard of review, "this court must affirm the trial court unless we are left with the definite and firm conviction that a mistake has been committed." *Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 402 (6th Cir.1999).

The IRS is authorized to examine any relevant documentation and summon any person in possession of any relevant information or documentation when conducting a tax investigation. 26 U.S.C. § 7602(a). The IRS may serve a summons upon a third-party record keeper such as a bank or other financial institution in order to obtain financial records or information regarding a person who is the subject of an investigation by the IRS. 26 U.S.C. § 7609(a). When the IRS serves a summons on a third-party record keeper, the person whose records are the subject of

the summons is entitled to notice that the summons has been served. *Id.; Clay v. United States*, 199 F.3d 876, 878 (6th Cir. 1999). "[N]otice of the right to file a petition to quash is 'sufficient' if it is mailed by certified or registered mail to the last known address of the person entitled to notice." *Clay*, 199 F.3d at 878.

A person who is notified that a summons has been issued to a third-party record keeper may contest the summons by filing a petition to quash the summons within twenty days of the date on which notice of the summons was "mailed by certified or registered mail to him by the IRS." *Shisler v. United States*, 199 F.3d 848, 850 (6th Cir.1999); *see also* 26 U.S.C. § 7609(b)(2)(A). "The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine" a petition to quash a summons issued by the IRS to a third-party record keeper. 26 U.S.C. § 7609(h)(1); *Fortney*, 59 F.3d at 119; *Deal v. United States*, 759 F.2d 442, 443–44 (5th Cir.1985); *Masat v. United States*, 745 F.2d 985, 987–88 (5th Cir.1984).

Upon review, we conclude that the district court's dismissal of the Becks' petition was not clearly erroneous, as the district court lacked jurisdiction to consider their petition. The district court lacked jurisdiction over the summonses issued to Bank One of Cincinnati, located in Cincinnati, Ohio, Huntington National Bank, located in Columbus, Ohio, Miami Savings and Loan, located in Harrison, Ohio, Merchants Bank and Trust, located in West Harrison, Indiana, and Robert Sonntag, a certified public accountant located in Aurora, Indiana, because none of those third-party record keepers reside in or may be found within the Eastern District of Kentucky. *See Fortney*, 59 F.3d at 119; *Deal*, 759 F.2d at 443–44; *Masat*, 745 F.2d at 987–88. Although Heritage Bank, located

in Burlington, Kentucky, is located within the Eastern District of Kentucky, the district court lacked jurisdiction over the Becks' petition to quash the summons served upon it because the Becks did not timely file their petition. *See* 26 U.S.C. § 7609(b)(2)(A); *Shisler*, 199 F.3d at 850. The Heritage Bank summons was served on December 6, 2001, and the Becks received notice of such service on that same day by certified mail. However, the Becks' petition to quash was not filed until December 27, 2001, over twenty days after the summons was served upon Heritage Bank.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.