# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2011

No. 11-10234
Summary Calendar

Lyle W. Cayce
Clerk

CHARLES WILLIAMS; PAT WILLIAMS,

Plaintiffs – Appellants

v.

UNITED STATES OF AMERICA; INTERNAL REVENUE SERVICE;
MANJULA MODI, Revenue Agent, IRS,

Defendants – Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-206

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Charles and Pat Williams (the "Williamses") appeal from the district court's dismissal of their petition to quash two third-party summonses sent by the Internal Revenue Service ("IRS") to nonparties Wells Fargo Bank, N.A., ("Wells Fargo") and Aurora Loan Services ("Aurora"). Because precedent forecloses the Williamses' appeal, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10234

As part of an IRS investigation into the Williamses' federal income tax liability, the IRS sent third-party summonses to Wells Fargo and Aurora requesting information relating to the Williamses' financial dealings with the two institutions. The summonses were sent, respectively, to locations in Oregon and Nebraska. The Williamses filed a petition to quash the summonses in the Northern District of Texas, the district in which they reside.

The district court dismissed the petition for lack of subject matter jurisdiction, relying on two, almost factually-identical circuit precedents. *See Deal v. United States*, 759 F.2d 442 (5th Cir. 1985); *Masat v. United States*, 745 F.2d 985 (5th Cir. 1984). *Deal* and *Masat* concerned taxpayer challenges to IRS third-party summonses. Both affirmed dismissals for lack of subject matter jurisdiction, reasoning that the Internal Revenue Code vests jurisdiction over such challenges in the district court where the third-party resides. *See* 26 U.S.C. § 7609(h)(1) ("The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)."); *Deal*, 759 F.2d at 444 (holding that *Masat* "precluded" the taxpayer's appeal and that jurisdiction was "exclusively in the district where the third-party record keepers reside"); *Masat*, 745 F.2d at 986, 988.

The Williamses acknowledge the holdings in *Deal* and *Masat* and concede that the cases remain good law, but they ask us to overrule our prior precedent and hold that § 7609(h)(1) is a venue, rather than jurisdictional, statute. The Rule of Orderliness, of course, prevents us from doing so. *See, e.g.*, *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Accordingly, we AFFIRM.

2