UNITED STATES of America upon the relation and for the Use of the TENNESSEE VALLEY AUTHORITY, Plaintiff-Appellee,

v.

An EASEMENT AND RIGHT–OF–WAY 100 Feet Wide and 747 Feet Long OVER CERTAIN LAND IN CUMBERLAND COUNTY, TENNESSEE, Vada Skaggs, Defendant-Appellant.

No. 17392.

United States Court of Appeals
Sixth Circuit.

Nov. 17, 1967.

W. Hayes Pettry, Charleston, W. Va., for appellant.

Beauchamp E. Brogan, Tennessee Valley Authority, Knoxville, Tenn., Charles J. McCarthy, General Counsel Tennessee Valley Authority, Knoxville, Tenn., Thomas A. Pedersen, Asst. General Counsel, Charles W. Van Beke, Knoxville, Tenn., on brief for appellee.

Before PHILLIPS, PECK and McCREE, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a condemnation action initiated by appellee under the Tennessee Valley Authority Act, 16 U.S.C. §§ 831–831dd, to acquire a permanent easement over certain property in Cumberland County, Tennessee, for the construction, operation and maintenance of an electric power transmission line.

District Judge William E. Miller entered an order appointing commissioners to determine just compensation. The commission conducted hearings and filed an award for $150. Appellant thereafter filed exceptions to the award. A motion was filed by appellee to strike the exceptions on the ground that they were not filed within the twenty-day period prescribed by 16 U.S.C. § 831x. The District Court entered an order sustaining the motion and striking the exceptions. Appellant appeals from that order.

The TVA filed a motion to dismiss on the ground that the order of the District Court is interlocutory and is not a final appealable order. We consider the order to be final and appealable. Once the exceptions to the award of the Commissioners have been stricken, appellant has no further relief or recourse except to appeal. The entering of a judgment is simply a matter of formality. The requirement of finality is to be given a practical rather than a technical construction and does not necessarily mean that an order to be appealable must be the last possible one to be made in a case. Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199; Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. We consider this case to be distinguishable from an eminent domain action where, prior to a determination of damages, the landowner undertakes to appeal from a declaration of taking, which is not a final appealable order. Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911; 28 U.S.C. § 1291.

■ Appellant also contends that the proceeding was void because the order of the District Court appointing the Commissioners directed that the Commissioners report their award "to the court or to the clerk of the court," whereas Section 25 of the TVA Act, 16 U.S.C. § 831x, provides that "Either or both parties may file exceptions to the award of said commissioners within twenty days from the date of filing of said award in court." Appellant contends that this provision of the statute requires that the award be filed with the District Judge and not with the clerk of the court.

We find this contention to be without merit and that the proper procedure was followed in filing the report with the clerk. The record shows that appellant's attorney in Crossville, Tennessee, received a copy of the report of the Commissioners on the day following the filing with the clerk of the District Court.

The award of the Commissioners was filed November 15, 1961. Appellant filed an exception to this award on December 6, 1961, alleging that the amount was insufficient and did not constitute just compensation. The exception was filed on the twenty-first day after the filing of the award. The District Judge sustained a motion by the TVA to strike the exception on the ground that it was not timely, holding the twenty-day limit prescribed by the statute to be jurisdictional in nature.

Appellant contends that Rules 6(b) and 6(e), Fed.R.Civ.P., should be applied to make the filing of the exception timely. In the alternative, appellant asserts that the District Court should have held the statute to be satisfied since the exception was mailed to the clerk within the prescribed time. Specifically, appellant claims that since the award was sent to her lawyer by mail, she should have had three extra days to file an exception as provided in Rule 6(e). In any event appellant asserts that there was "excusable delay" as contemplated by Rule 6(b).

■ We hold this contention to be without merit for the reasons stated in the following language of the memorandum prepared by District Judge Miller, which we approve and adopt as a part of this opinion:

"Since the time limitation of twenty days is a part of this statute creating the cause of action and establishing jurisdiction in this Court, the time limitation operates as a jurisdictional condition as distinguished from a procedural limitation. See Robinson v. Celebrezze, 237 F.Supp. 115 (E.D. Tenn.1964), and Ewing v. Risher, 176 F.2d 641 (10th Cir. 1949). For this reason, Rule 6(e), relating to procedural time periods, has no application. Rule 6(e) is also unavailable to the defendant for quite another reason. The rule provides for extension of time in situations where a party is required to 'do some act or take some proceedings within a prescribed period after the service of a notice or other paper on him.' Under the section in question, however, a party is required to file an exception on the *filing* of the Commissioners' award. Although the Clerk may send a copy of the award by mail, the Rule clearly contemplates situations in which actual service is offered by mail.

"Rule 6(b) is likewise not available to the defendant. In the first place, no sufficient cause for the delay has been shown as required by the Rule itself. Further, by its terms, Rule 6(b) applies to procedural steps to be taken 'by these rules or by a notice given thereunder or by order of court.' Here, the procedural step was not of that class but was set out in the statute creating the right of action.

"Finally, defendant's contention that mailing of an exception constitutes filing is also without merit. The act of depositing the exception in the mail is not a filing. A filing takes place only when the Clerk acquires custody. Kahler-Ellis Company v. Ohio Turnpike Commission, 225 F.2d 922 (6th Cir. 1955). Likewise, defendant's contention that the word 'from' in the

statute causes the first two days of the time period to be omitted is without merit."

Affirmed.