**In the Matter of Frank J. BROHMAN and Alice Brohman, Petitioners,**

v.

**Russell G. MASON, Internal Revenue Agent, Internal Revenue Service, and United States of America, Respondents.**

No. CIV–83–754E.

United States District Court, W.D. New York.

July 5, 1984.

Eugene C. Tenney, Buffalo, N.Y., for petitioners.

Sonia C. Jaipaul, Asst. U.S. Atty., Buffalo, N.Y., for respondents.

MEMORANDUM and ORDER

ELFVIN, District Judge.

In this action pursuant to 26 U.S.C. § 7609(b)(2) seeking to quash seven Internal Revenue Service ("IRS") summonses, respondents have moved to dismiss the petition under Fed.R.Civ.P. rule 12(b)(1) for lack of subject matter jurisdiction. Respondents assert that the petition to quash was not filed in a timely manner inasmuch as it was filed July 12, 1983, twenty-one days after notice of the summonses was mailed to petitioners.

26 U.S.C. § 7609(b)(2)(A) provides:

"(2) *Proceeding to quash.—*

(A) *In general.*—Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons *not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2).* In any such proceeding, the Secretary may

seek to compel compliance with the summons." (Emphasis added).

Subsection (a)(2) of 26 U.S.C. § 7609 authorizes personal service of the notice of summons, or leaving the notice at the person's place of abode, or sending the notice by certified mail or registered mail to the last known address of the person entitled to receive the same.

Petitioners argue that the notice of the summons was not mailed to them until June 22, 1983 and that in any event the twenty-day period set forth in section 7609(b)(2)(A) does not begin to run until the notice is actually received.

Petitioners conclude that the notice was not mailed by the IRS until June 22, 1983 due to the certified mail Claim Check No. 117722 affixed to the envelope enclosing the notice, which bears the handwritten entry "6–23–83." *Petitioners' Memorandum*, Exhibit A. However such date refers to the date of the receipt of the envelope and it is clear from the affidavit of Revenue Agent Russell Mason, the "Receipt for Certified Mail" and "Return Receipt" attached to his affidavit, as well as the postmarked certified mail log attached to Mason's affidavit, that the notice was actually mailed June 21, 1983.

■ Petitioners' further contention that the twenty-day period for commencing a proceeding to quash an IRS summons under section 7609(b)(2)(A) starts upon receipt of the notice is without support and is contrary to the holdings of the only courts that have directly dealt with this question. *See Williams v. United States*, No. 83–754–C, (S.D.Ind. August 30, 1983); *Olmschenk v. United States*, No. 3–83–303 (D.Minn. July 7, 1983) (twenty-day period starts to run from the date of the mailing of the notice).

Section 7609(b)(2)(A) provides that the twenty-day period begins after notice is "given" and then authorizes notice to be given by a number of methods including mailing. Despite petitioners' contentions, the section's drafters could not have simply provided that the period begin "upon the notice being mailed" due to the other authorized methods of delivering the notice permitted by the statute. However Congress could easily have provided that the period begin after "such notice is received," or "upon receipt of the notice" if such was its legislative intent. I find that notice was given in this case June 21, 1983 upon the mailing of the notice to petitioners and that the twenty-day period in which to file a petition to quash the seven IRS summonses in question under 26 U.S.C. § 7609(b)(2)(A) ended July 11, 1983, one day prior to the institution of this action.

■ It is further noted that petitioners cannot utilize the provisions of Fed.R. Civ.P. rule 6(e) in order to extend the twenty-day period by three additional days inasmuch as such rule has consistently been held inapplicable to jurisdictional periods for commencing proceedings in United States district courts. *See Whipp v. Weinberger*, 505 F.2d 800 (6th Cir.1974) (citing Fed.R.Civ.P. rule 82); *United States v. Easement and Right-of-Way*, 386 F.2d 769 (6th Cir.1967), *cert. denied sub nom. Skaggs v. United States*, 390 U.S. 947, 88 S.Ct. 1034, 19 L.Ed.2d 1136 (1968); *Robinson v. Celebrezze*, 237 F.Supp. 115 (E.D. Tenn.1964).

In accordance with the foregoing respondents' motion to dismiss the petition to quash is hereby ORDERED granted due to the untimely filing of the petition which deprives this Court of subject matter jurisdiction of petitioners' action. Respondents' further request for attorney's fees, costs and expenses is hereby ORDERED denied inasmuch as petitioners' institution of this action cannot be said to be frivolous or in bad faith in view of the sparcity of decisions interpreting the "after notice is given" language of 26 U.S.C. § 7609(b)(2)(A).