**George M. STRINGER, Petitioner-Appellant,**

v.

**UNITED STATES of America, and Ira G. Chambless, Internal Revenue Agent, Internal Revenue Service, Respondents-Appellees.**

**No. 85-8103**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Nov. 15, 1985.

villion that was contrary to city policy.

Melissa S. Mundell, Asst. Atty., Savannah, Ga., Michael L. Paup, Glenn L. Archer, Jr., Charles E. Brookhart, John P. Griffin, U.S. Dept. of Justice, Tax Div., Washington, D.C., for respondents-appellees.

Before TJOFLAT, VANCE and KRAV-ITCH, Circuit Judges.

PER CURIAM.

George M. Stringer appeals the judgment of the district court dismissing his petition to quash an IRS summons as being untimely filed.

The IRS, pursuant to an income tax investigation of Stringer, issued a summons to a third party bank on May 29, 1984, and sent Stringer a copy by certified mail on that same date. Stringer, however, did not receive the notice until May 31, 1984. On June 19, 1984, he filed a petition to quash the summons. The district court dismissed his petition on the ground that it was not timely filed and thus the court lacked jurisdiction.

The resolution of whether or not Stringer's petition was timely filed is governed by 26 U.S.C. § 7609(b)(2)(A). That statute provides:

> (A) In general.—Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

Subsection (a)(2) of section 7609 specifies that notice is sufficient if it is personally served upon or is mailed by certified or registered mail to the last known address of the person entitled to notice. Stringer contends that he was not "given" notice as required by section 7609(b)(2)(A) until May 31, the date he received a copy of the summons, and that he thus filed his petition to quash within the time constraints of the statute. The government, on the other hand, argues that the term "given" means the date on which the notice was mailed; as a result the petition was not filed within the twenty day limitation.

We agree with the IRS. Under the doctrine of sovereign immunity the government is not subject to suit absent its consent. *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). Because the jurisdiction of the court is dependent upon such waiver or consent, the terms must be strictly construed. *United States v. Sherwood*, 312 U.S. 584, 586, 590, 61 S.Ct. 767, 769, 771, 85 L.Ed. 1058 (1941); *United States v. One (1) Douglas A–26B Aircraft*, 662 F.2d 1372, 1375 (11th Cir.1981). Here the wording of the statute involved is clear and unambiguous: section 7609(b)(2)(A) mandates that the notice be given in the manner provided in subsection (a)(2); subsection (a)(2) expressly provides that notice is *sufficient* if *mailed* by certified or registered mail to the last known address of the person enti-

tled to notice. This language negates any inference that the requisite notice is not "given" until its receipt by the addressee. Indeed, courts that have addressed this issue unanimously have rejected the argument advanced by Stringer. *Franklin v. United States,* 581 F.Supp. 38 (E.D.Mich. 1984); *Bilodeau v. United States,* 577 F.Supp. 234 (D.N.H.1983); *Riggs v. United States,* 575 F.Supp. 738, 741 (N.D.Ill.1983). We agree. Accordingly we hold that the notice contemplated in section 7609 is "given" on the date it is mailed.

█ Because Stringer's petition was not filed until June 19, 1984, more than twenty days after the May 29, 1984 mailing of the summons, it was not timely filed in compliance with the statute. Hence, the district court lacked jurisdiction and properly dismissed the petition.[1]

AFFIRMED.

---

**1.** We find Stringer's remaining contentions that the 20 day limitation denies him due process and that under Fed.R.Civ.P. 6(e) the 20 day limit is expanded by 3 days both without merit.