**Mahonri FABER, Plaintiff–Appellant,**

**v.**

**UNITED STATES of America and Mary Anne Thorum, Defendants–Appellees.**

**No. 90–4080.**

United States Court of Appeals, Tenth Circuit.

Dec. 21, 1990.

Mahonri Faber, pro se.

Shirley D. Peterson, Asst. Atty. Gen., and Gary R. Allen, Charles E. Brookhart, Regina S. Moriarty, Attys., Tax Div., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before LOGAN, SEYMOUR, and TACHA, Circuit Judges.

TACHA, Circuit Judge.

Plaintiff-appellant Mahonri Faber appeals a district court order dismissing his petition to quash a third party summons that the Internal Revenue Service (IRS) served on American Savings and Loan.[1] On appeal, Faber argues the district court erred in dismissing for lack of jurisdiction because the form of the summons is invalid and cannot initiate the twenty-day limit of 26 U.S.C. § 7609(b)(2)(A) on a motion to quash. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

The IRS served a third party summons on American Savings and Loan on July 31, 1989, requesting bank records held in the name of Mahonri Faber. On that same

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

day, the IRS sent a copy of the summons by certified mail to Faber at his last known address. On August 31, 1989 Faber filed a petition in federal district court to quash the summons.

The statute governing the timely filing of a taxpayer's petition to quash a third party summons is 26 U.S.C. § 7609(b)(2)(A). It provides:

> Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summon.

26 U.S.C. § 7609(b)(2)(A). Subsection (a)(1) states that the person identified in the summons' description of the records is entitled to notice. *See id.* § 7609(a)(1). In most cases, this person is the taxpayer subject to an income tax investigation. Subsection (a)(2) explains that notice is sufficient if it is personally served upon or mailed by certified mail to the last known address of the taxpayer. *See id.* § 7609(b)(2).

Faber contends the district court improperly dismissed his motion to quash to the summon. We disagree. In *Stringer v. United States,* 776 F.2d 274 (11th Cir.1985) (per curiam), the Eleventh Circuit addressed this jurisdictional issue resulting from an untimely filing of a taxpayer's motion to quash a third party summons. The court in *Stringer* held that a petition to quash a third party summons that is filed more than twenty days after the *mailing* of the summons by the IRS must be dismissed for lack of jurisdiction. The Ninth Circuit construed section 7609 the same way in holding in *Ponsford v. United States,* 771 F.2d 1305, 1309 (9th Cir.1985), that a district court does not have jurisdiction when a plaintiff has failed to comply with the twenty-day filing period of section 7609(b)(2)(A).

The courts in both *Stringer* and *Ponsford* explain the jurisdictional limitation of section 7609 in terms of a condition-al waiver of the government's sovereign immunity. Under the doctrine of sovereign immunity, the United States is not subject to suit absent its consent. *Stringer,* 776 F.2d at 275 (citing *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981)). Because any exercise of a court's jurisdiction over the government depends on the government's consent, a statute that waives sovereign immunity must be strictly construed. *Ponsford,* 771 F.2d at 1306; *Stringer,* 776 F.2d at 275 (citing *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)). Construing section 7609 strictly, the plain language of the statute indicates motions to quash must be filed within twenty days from the date notice is given. Notice is given on the date it is mailed. *Stringer,* 776 F.2d at 276. The government's waiver of sovereign immunity ends—and thus jurisdiction ends—when the twenty-day limitation period has run. *Id.* at 276; *Ponsford,* 771 F.2d at 1309; *see also Callahan v. Schultz,* 783 F.2d 1543, 1545 (11th Cir.1986) (government's consent to sue requires strict compliance with twenty-day rule).

The brief opportunity this twenty-day waiver provides for taxpayers to challenge a third party summons is best explained by practical administrative concerns. As Circuit Judge Rubin pointed out for the court in *Masat v. United States,* 745 F.2d 985, 987 (5th Cir.1984), the provision was added in 1982. It eliminated the simple method of instructing a third-party recordkeeper in writing not to comply with an IRS summons and substituted the current procedure, which requires a taxpayer to institute a court action to quash a summons. This change in procedure was based on the fact "objections were mainly dilatory, most taxpayers failed to contest the summons when the Internal Revenue Service sought enforcement, and, when they did, the Internal Revenue Service prevailed 'in the vast majority of actions it brings to enforce third-party summons.'" *Id.* (quoting S.Rep. No. 494 (Vol. 1), 97th Cong., 2d Sess. 282, *reprinted in* 1982 U.S.Code Cong. & Admin. News 781, 1027). The Senate committee

report states that shifting the burden to initiate proceedings would "eliminate most of the frivolous delay ... without adversely affecting the rights of taxpayers." S.Rep. No. 494 (Vol. 1), 97th Cong., 2d Sess. 282, *reprinted in* 1982 U.S.Code Cong. & Admin.News 781, 1028.

■ We follow the Eleventh and Ninth Circuits in holding that a taxpayer's motion to quash an IRS third party summons must be filed within twenty days from the date notice is sent or personally served to avoid dismissal by a district court. Here, the IRS gave notice on July 31, 1989, the date the summons to American Savings and Loan was served and a copy was mailed to Faber. Because Faber filed his motion to quash on August 31, 1989—more than twenty days after the IRS gave notice—the district court lacked jurisdiction to hear his motion. We hold the district court correctly dismissed Faber's motion to quash under section 7609 for lack of jurisdiction.

Because there is no basis for jurisdiction over the defendants, we do not reach the merits of Faber's claim that the summons form is invalid. We AFFIRM.