Melville K. TURNER and Letitia Y. Turner, Petitioners,

v.

UNITED STATES of America and P. Endo, Revenue Agent, Internal Revenue Service, Respondents.

Civ. No. 94–00690.

United States District Court, D. Hawai'i.

Jan. 19, 1995.

Melville K. Turner, Honolulu, HI, pro se.

Letitia Y. Turner, Honolulu, HI, pro se.

Michael Chun, U.S. Attys. Office, Honolulu, HI, Thomas J. Sawyer, U.S. Dept. of Justice, Trial Atty., Tax Div., Washington, DC, for respondents.

## ORDER GRANTING RESPONDENTS' MOTION TO DISMISS

KAY, Chief Judge.

### FACTS

On September 13, 1994, Petitioners Melville K. Turner and Letitia Y. Turner ("Petitioners") filed a petition to quash six Internal Revenue Service (IRS) summonses served on three financial institutions seeking financial information about petitioners. The summonses were issued on August 16, 1994, by an IRS employee using the pseudonym of P. Endo. Copies of the summonses were provided to Petitioners by certified mail on August 16, 1994. The return receipts for the certified mailings show that the Petitioners each signed for the mail on August 19, 1994.

On September 13, 1994, Petitioners filed this petition to quash the summonses, 28 days after notice of the summons was mailed to Petitioners and 25 days after Petitioners signed for the certified mail. Petitioners assert that this Court has subject matter jurisdiction over their motion to quash the IRS summonses pursuant to § 1110 of the Right to Financial Privacy Act and § 7609 of the Internal Revenue Code. Respondents argue that this Court lacks jurisdiction to hear the petition because it was filed outside of the twenty-day period set by 26 U.S.C. 7609(b).

### STANDARD OF REVIEW

On a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1), Federal Rules of Civil Procedure, the plaintiff's allegations are not presumed to be truthful, and the plaintiff has the burden of proving that jurisdiction exists. *Thornhill Publishing Co., Inc. v. General Telephone & Electronics Corporation*, 594 F.2d 730, 733 (9th Cir. 1979). "[A] Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency," whereupon the plaintiff must "present affida-vits or any other evidence necessary to satisfy its burden." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.1989), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541, 107 L.Ed.2d 539 (1989).

### DISCUSSION

#### I. 26 U.S.C. § 7609

■ Section 7601 of the Internal Revenue Code grants the Secretary of the Treasury Department the authority to initiate investigations of all persons who may be liable to pay internal revenue tax. 26 U.S.C. § 7601. Section 7602 authorizes the Secretary to "examine any books, papers, records, or other data which may be relevant or material" in ascertaining the correctness of any return or determining the tax liability of any person, whether or not a return has been filed. Section 7602(a)(2) provides that the Secretary may issue summonses to compel persons in possession of such books, papers, records, or other data to produce them for examination.

When the IRS issues summonses to third-party recordkeepers such as banks and credit unions, Section 7609 of the Code requires that the IRS give notice to the taxpayer within three days of the date of issuance of the summons and at least 23 days before the examination is to take place. 26 U.S.C. § 7609(a)(2). The taxpayer then has twenty days from the date of notice to bring a proceeding to quash the summons. 26 U.S.C. § 7609(b)(2).

■ Section 7609(h) grants the United States District Courts jurisdiction over taxpayer motions to quash third-party summonses. 26 U.S.C. § 7609(h). Because any exercise of a court's jurisdiction over the government depends on the government's consent, this statutory waiver of the government's sovereign immunity must be strictly construed. *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir.1985); *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir.1990); *Stringer v. United States*, 776 F.2d 274, 275 (11th Cir.1985). The Ninth Circuit and other courts have held that the jurisdiction granted district courts by § 7609(h) is limited by the twenty-day filing requirement of § 7609(a)(2), which acts as a

condition precedent to the government's waiver of its sovereign immunity. *Ponsford,* 771 F.2d at 1309; *Faber,* 921 F.2d at 1119; *Stringer,* 776 F.2d at 275.

The plain language of § 7609 indicates motions to quash must be filed within twenty days from the date "notice is given in the manner provided in subsection (a)(2)." Section 7609(a)(2) provides for notice either by in-hand service or by registered or certified mail. Federal Rules of Civil Procedure 6(e) provides that:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

Accordingly, where notice of an IRS summons is sent to the taxpayer by mail, the taxpayer has 23 days in which to file his motion to quash.

Petitioners filed their petition to quash the summonses 28 days after the IRS sent them notice by certified mail, thus failing to comply with the 23 day filing period required for this Court to assert jurisdiction under § 7609(h)(1).

## II.  *12 U.S.C. § 3410*

Petitioners also assert that the Court has jurisdiction over their motion to quash the IRS summonses pursuant to 12 U.S.C. § 3410. Section 1110 of the Right to Financial Privacy Act provides customers of financial institutions the right to file a motion to quash administrative summonses of financial records from the institutions. 12 U.S.C. § 3410. Like 26 U.S.C. § 7609, however, the government's waiver of its sovereign immunity is conditioned on the timely filing of the motion to quash. As discussed previously, § 3410 requires customers to file their motion to quash within ten days of receiving in-hand service or within fourteen days of the date notice was mailed to the customer.

In the case at bar, Petitioners failed to file their motion to quash the IRS summonses within the allotted time frame provided by either statute. Because timely filing is a prerequisite to this Court's jurisdiction over this matter pursuant to either statute, the Court hereby dismisses the petition to quash for lack of subject matter jurisdiction.

## *CONCLUSION*

For the foregoing reasons, this Court GRANTS the Respondents' motion to dismiss.

IT IS SO ORDERED.