# United States Court of Appeals
## For the First Circuit

---

No. 01-1266

JOHN R. BERMAN,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

---

Before

Boudin, Chief Judge,

Selya and Lipez, Circuit Judges.

---

Bruce A. Singal with whom Donoghue, Barrett & Singal, P.C. was on brief for appellant.
Kenneth W. Rosenberg, Tax Division, Department of Justice, with whom Claire Fallon, Acting Assistant Attorney General, Donald K. Stern, United States Attorney, and David English Carmack, Tax Division, Department of Justice, were on brief for the United States.

September 5, 2001

BOUDIN, Chief Judge. John Berman appeals from the district court's order dismissing his motion to quash an administrative summons served by the Internal Revenue Service; the dismissal was based on the ground that the motion was not timely filed. The pertinent facts are undisputed.

From 1991 until 1999, Berman was a partner in the Boston law firm of Davis, Malm & D'Agostine ("the Davis firm"). He is the subject of an ongoing income tax investigation by the IRS for the tax years 1993 through 1998. On May 1, 2000, the IRS issued a summons to the keeper of records at the Davis firm, requiring the production of various documents pertaining to Berman. Included in the summons was a request for all correspondence between Berman and the Davis firm or its employees between January 1, 1998, and April 28, 2000.

The summons was a "third-party recordkeeper" summons governed by section 7609 of the Internal Revenue Code. 26 U.S.C. § 7609 (1994 & Supp. 1998). Third-party recordkeepers are defined as certain institutions and individuals--including attorneys and law firms--that customarily maintain financial or business records. Id. § 7603(b)(2) (Supp. 1998). By statute, the IRS must provide notice of the summons not just to the recordkeeper but also to the individual to whom the summons pertains. Id. § 7609(a)(1) (Supp. 1998). The notice must

contain a copy of the summons and an explanation of the noticee's right to initiate a proceeding to quash it. Id.

The IRS mailed a notice of summons to Berman's counsel by certified mail dated May 2, 2000; Berman had previously designated his counsel as the person to receive such notices. The certified mail receipt returned to the IRS indicates that Berman's counsel received the notice the next day, May 3. Section 7609(a)(2) provides inter alia that the notice "shall be sufficient if . . . mailed to" the person or his designated representative. Section 7609(b)(2)(A) further provides in relevant part:

> Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2).

Twenty-two days after the summons was mailed by the IRS--on May 24, 2000--Berman filed a petition to quash the summons, alleging that a particular letter responsive to the summons was privileged under the attorney-client, work product, and joint defense privileges. The district court eventually dismissed the petition to quash on the ground that it had not been filed within the statutory 20-day period. This appeal followed.

On appeal, Berman claims that his filing was timely because, under a civil procedure rule, he had three extra days to respond to a mailed notice.  Alternatively, he says that the IRS is barred by equitable estoppel from invoking the 20-day deadline because an IRS agent said that the petition was timely if filed by May 24.  Lastly, Berman says that there are alternative bases of jurisdiction independent of the statutory petition to quash.  These arguments turn on issues of law that we resolve de novo.

Perhaps (we need not decide the point) an ordinary reader of section 7609 might at first be uncertain whether, in the case of mailed notices, the 20-day period runs from the date of mailing or the date of receipt.  Section 7609(b)(2)(A) says that the proceeding to quash must be initiated "not later than the 20th day after notice is given in the manner provided in [section 7609](a)(2)," which in turn says that notice is "sufficient" if "mailed."

However, the statutory provisions, taken together and read carefully, literally say that the 20 days run from the date that notice is "mailed."  Even brief research would reveal that the case law requires a motion to quash under section 7609 to be filed within 20 days of the mailing of the notice, not of its receipt. Faber v. United States, 921 F.2d 1118, 1119 (10th Cir.

1990); <u>Stringer</u> v. <u>United States</u>, 776 F.2d 274, 275 (11th Cir. 1985). A Treasury Department regulation confirms this reading. 26 C.F.R. § 301.7609-3(2) (2001) (proceeding to quash must be commenced "not later than the 20th day following the day the notice of the summons was . . . mailed").

In all events, Berman does not seriously dispute that section 7609 requires that the petition to quash be filed within 20 days of the date the notice was mailed. (Here, as it happens, using the date of receipt would not help Berman.) Instead, Berman argues that he is entitled to the benefits of Rule 6(e), which provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period." Fed. R. Civ. P. 6(e). If Rule 6(e) applied, Berman's petition would be timely.

By its terms, Rule 6(e) is centrally concerned with what a "party" does and a "party" operates within the framework of an existing case. By contrast, statutes of limitation such as section 7609 govern the time for commencing an action. The prevailing view in the case law is that Rule 6(e) does not apply

to statutes of limitation,[1] and at least two cases have held explicitly that Rule 6(e) does not extend the 20-day period prescribed by section 7609. <u>Clay</u> v. <u>United States</u>, 199 F.3d 876, 880 (6th Cir. 1999); <u>Brohman</u> v. <u>Mason</u>, 587 F. Supp. 62, 63 (W.D.N.Y. 1984). <u>But see</u> <u>Turner</u> v. <u>United States</u>, 881 F. Supp. 449, 451 (D. Haw. 1995) (dicta). We adopt the majority view, so it is unnecessary to resolve several other, perhaps less impressive, arguments pressed by the IRS to defeat the application of Rule 6(e).[2]

Berman's second argument is that, even if Rule 6(e) does not apply, the IRS is equitably estopped from asserting the 20-day statute of limitations because one of its agents represented to Berman's counsel in a May 24 telephone conversation that she believed that the deadline for filing the petition was that day, May 24, when in fact the 20th day was two

---

[1]<u>E.g.</u>, <u>Clay</u> v. <u>United States</u>, 199 F.3d 876, 880 (6th Cir. 1999); <u>United States</u> v. <u>Easement and Right-of-Way</u>, 386 F.2d 769, 771 (6th Cir. 1967), <u>cert. denied sub nom. Skaggs</u> v. <u>United States</u>, 390 U.S. 947 (1968); <u>Whipp</u> v. <u>Weinberger</u>, 505 F.2d 800, 801 (6th Cir. 1974) .

[2]The IRS relies both on the "[n]otwithstanding" proviso that introduces section 7609(b)(2)(A) and on the claim that the 20-day limit is "jurisdictional" and cannot be extended by a civil procedure rule, <u>see</u> Fed. R. Civ. P. 82. The proviso is less than crystal clear, and if Rule 6(e) did apply to statutes of limitation, it arguably would be possible to treat it as incorporated into section 7609 by implication. <u>Cf.</u> <u>Irwin</u> v. <u>Dep't of Veterans Affairs</u>, 498 U.S. 89, 95-96 (1990).

-7-

days earlier, May 22. Whether equitable estoppel can be invoked against the government in a case such as this is not settled. The prexisting general rule-- that equitable estoppel, tolling, and waiver do not apply against the government in the context of a statutory deadline--was altered in Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990), so that the presumption is now the opposite at least so far as equitable tolling is concerned.

Yet in United States v. Brockamp, 519 U.S. 347 (1997), the Supreme Court limited Irwin's application in a particular tax context. See also Oropallo v. United States, 994 F.2d 25, 28-31 (1st Cir. 1993), cert. denied, 510 U.S. 1050 (1994). For policy as well as textual reasons the Court concluded that equitable tolling did not apply to the statute of limitations for filing tax refund claims under 26 U.S.C. § 6511, Brockamp, 519 U.S. at 354, a ruling in turn modified by Congress in 1998, but only in part, 26 U.S.C. § 6511(h) (Supp. 1998). Just how far Brockamp extends is debatable. Compare Capital Tracing, Inc., v. United States, 63 F.3d 859, 861-63 (9th Cir. 1995), with Compagnoni v. United States, 79 A.F.T.R.2d 97-2930, 97-2932-33 (S.D. Fla. 1997), aff'd, 173 F.3d 1369 (11th Cir. 1999). But we need not decide whether Irwin extends to equitable estoppel or whether Brockamp extends to section 7609 because in

-8-

any event equitable estoppel could not be made out on these facts.

Among the requirements for equitable estoppel is justified reliance on the government's false or misleading statement or conduct. <u>E.g.</u>, <u>Benitez-Pons</u> v. <u>Commonwealth of Puerto Rico</u>, 136 F.3d 54, 63 (1st Cir. 1998). Here, the agent's statement or behavior, whatever its precise character, occurred after the 20-day period had already expired. The question of justification is beside the point; obviously, Berman's counsel did not rely on the agent's statement in failing to meet the deadline because the deadline had passed before the statement was made.

The IRS brief also seeks to refute, on a precautionary basis, a possible claim by Berman based on equitable tolling. This is a somewhat different doctrine; it is based not just on misconduct by the adverse party but also on broader equitable concerns that might justify a late filing. <u>Irwin</u>, 498 U.S. at 96; <u>Kale</u> v. <u>Combined Ins. Co. of Am.</u>, 861 F.2d 746, 752 (1st Cir. 1988). However, Berman's brief contains no developed claim of equitable tolling, so the argument is forfeit. <u>United States</u> v. <u>Bongiorno</u>, 106 F.3d 1027, 1034 (1st Cir. 1997). Even if it were preserved, and <u>Brockamp</u> were put to one side, the facts suggest "at best a garden variety claim of excusable neglect"

-9-

and not a sufficient basis for equitable tolling. <u>Irwin</u>, 498 U.S. at 96; <u>Salois</u> v. <u>Dime Sav. Bank</u>, 128 F.3d 20, 25 (1st Cir. 1997).

Berman's final set of arguments is that his petition to quash may be brought under jurisdictional statutes other than section 7609(b)(2)(A)--specifically, 5 U.S.C. § 702 (1994); 28 U.S.C. § 1331 (1994); 28 U.S.C. § 1340 (1994); 28 U.S.C. § 1346(a)(2) (1994); and 28 U.S.C. § 1357 (1994). None of these statutes assists Berman. General jurisdictional statutes such as 28 U.S.C. § 1331 and 28 U.S.C. § 1340 do not waive sovereign immunity and therefore cannot be the basis for jurisdiction over a civil action against the federal government. <u>Lonsdale</u> v. <u>United States</u>, 919 F.2d 1440, 1444 (10th Cir. 1990); <u>cf.</u> <u>Coggeshall Dev. Corp.</u> v. <u>Diamond</u>, 884 F.2d 1, 3-4 (1st Cir. 1989).

Although the APA, 5 U.S.C. § 702, and the Little Tucker Act, 28 U.S.C. § 1346(a)(2), do create limited waivers of sovereign immunity, neither statute is applicable to Berman's claim. The Little Tucker Act waives sovereign immunity for non-tort claims against the United States "founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1346(a)(2). The

jurisdiction of the district courts is limited to claims for money damages "not exceeding $10,000 in amount." Id. The Little Tucker Act does not authorize claims that seek primarily equitable relief. Richardson v. Morris, 409 U.S. 464, 465 (1973); Bobula v. U.S. Dep't of Justice, 970 F.2d 854, 858-59 (Fed. Cir. 1992).

Claims for non-monetary relief can be raised under section 702 of the APA, but this section too is inapplicable to Berman's petition. Section 702 waives the government's sovereign immunity from claims for non-monetary relief from administrative agency action. But section 702 specifically limits the government's waiver of sovereign immunity by denying the courts any "authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. Section 7609(b)(2)(A) is such an "other statute," and it "expressly forbids" any relief if the petition is not timely filed. See Block v. North Dakota, 461 U.S. 273, 286 n.22 (1983).

The remaining statute invoked by Berman, 28 U.S.C. § 1357, gives the district courts original jurisdiction over any claim for money damages brought by an individual to recover for any injury to his person or property on account of any act done by him while enforcing any federal statute either for the

-11-

collection or protection of the revenues or to enforce the right to vote.  This provision is plainly inapplicable to Berman's petition.

The order of the district court is <u>affirmed</u>.

# United States Court of Appeals
## For the First Circuit

---

No. 01-1266

JOHN R. BERMAN,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

---

Before

Boudin, Chief Judge,

Selya and Lipez, Circuit Judges.

---

Bruce A. Singal with whom Donoghue, Barrett & Singal, P.C. was on brief for appellant.

Kenneth W. Rosenberg, Tax Division, Department of Justice, with whom Claire Fallon, Acting Assistant Attorney General, Donald K. Stern, United States Attorney, and David English Carmack, Tax Division, Department of Justice, were on brief for the United States.

September 5, 2001

BOUDIN, Chief Judge.  John Berman appeals from the district court's order dismissing his motion to quash an administrative summons served by the Internal Revenue Service; the dismissal was based on the ground that the motion was not timely filed.  The pertinent facts are undisputed.

From 1991 until 1999, Berman was a partner in the Boston law firm of Davis, Malm & D'Agostine ("the Davis firm"). He is the subject of an ongoing income tax investigation by the IRS for the tax years 1993 through 1998.  On May 1, 2000, the IRS issued a summons to the keeper of records at the Davis firm, requiring the production of various documents pertaining to Berman.  Included in the summons was a request for all correspondence between Berman and the Davis firm or its employees between January 1, 1998, and April 28, 2000.

The summons was a "third-party recordkeeper" summons governed by section 7609 of the Internal Revenue Code.  26 U.S.C. § 7609 (1994 & Supp. 1998).  Third-party recordkeepers are defined as certain institutions and individuals--including attorneys and law firms--that customarily maintain financial or business records.  Id. § 7603(b)(2) (Supp. 1998).  By statute, the IRS must provide notice of the summons not just to the recordkeeper but also to the individual to whom the summons pertains.  Id. § 7609(a)(1) (Supp. 1998).  The notice must

contain a copy of the summons and an explanation of the noticee's right to initiate a proceeding to quash it.  Id.

The IRS mailed a notice of summons to Berman's counsel by certified mail dated May 2, 2000; Berman had previously designated his counsel as the person to receive such notices. The certified mail receipt returned to the IRS indicates that Berman's counsel received the notice the next day, May 3. Section 7609(a)(2) provides inter alia that the notice "shall be sufficient if . . . mailed to" the person or his designated representative.  Section 7609(b)(2)(A) further  provides in relevant part:

> Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2).

Twenty-two days after the summons was mailed by the IRS--on May 24, 2000--Berman filed a petition to quash the summons, alleging that a particular letter responsive to the summons was privileged under the attorney-client, work product, and joint defense privileges.  The district court eventually dismissed the petition to quash on the ground that it had not been filed within the statutory 20-day period.  This appeal followed.

On appeal, Berman claims that his filing was timely because, under a civil procedure rule, he had three extra days to respond to a mailed notice. Alternatively, he says that the IRS is barred by equitable estoppel from invoking the 20-day deadline because an IRS agent said that the petition was timely if filed by May 24. Lastly, Berman says that there are alternative bases of jurisdiction independent of the statutory petition to quash. These arguments turn on issues of law that we resolve de novo.

Perhaps (we need not decide the point) an ordinary reader of section 7609 might at first be uncertain whether, in the case of mailed notices, the 20-day period runs from the date of mailing or the date of receipt. Section 7609(b)(2)(A) says that the proceeding to quash must be initiated "not later than the 20th day after notice is given in the manner provided in [section 7609](a)(2)," which in turn says that notice is "sufficient" if "mailed."

However, the statutory provisions, taken together and read carefully, literally say that the 20 days run from the date that notice is "mailed." Even brief research would reveal that the case law requires a motion to quash under section 7609 to be filed within 20 days of the mailing of the notice, not of its receipt. Faber v. United States, 921 F.2d 1118, 1119 (10th Cir.

-5-

1990); <u>Stringer</u> v. <u>United States</u>, 776 F.2d 274, 275 (11th Cir. 1985). A Treasury Department regulation confirms this reading. 26 C.F.R. § 301.7609-3(2) (2001) (proceeding to quash must be commenced "not later than the 20th day following the day the notice of the summons was . . . mailed").

In all events, Berman does not seriously dispute that section 7609 requires that the petition to quash be filed within 20 days of the date the notice was mailed. (Here, as it happens, using the date of receipt would not help Berman.) Instead, Berman argues that he is entitled to the benefits of Rule 6(e), which provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period." Fed. R. Civ. P. 6(e). If Rule 6(e) applied, Berman's petition would be timely.

By its terms, Rule 6(e) is centrally concerned with what a "party" does and a "party" operates within the framework of an existing case. By contrast, statutes of limitation such as section 7609 govern the time for commencing an action. The prevailing view in the case law is that Rule 6(e) does not apply

to statutes of limitation,[1] and at least two cases have held explicitly that Rule 6(e) does not extend the 20-day period prescribed by section 7609.  Clay v. United States, 199 F.3d 876, 880 (6th Cir. 1999); Brohman v. Mason, 587 F. Supp. 62, 63 (W.D.N.Y. 1984).  But see Turner v. United States, 881 F. Supp. 449, 451 (D. Haw. 1995) (dicta).  We adopt the majority view, so it is unnecessary to resolve several other, perhaps less impressive, arguments pressed by the IRS to defeat the application of Rule 6(e).[2]

Berman's second argument is that, even if Rule 6(e) does not apply, the IRS is equitably estopped from asserting the 20-day statute of limitations because one of its agents represented to Berman's counsel in a May 24 telephone conversation that she believed that the deadline for filing the petition was that day, May 24, when in fact the 20th day was two

---

[1]E.g., Clay v. United States, 199 F.3d 876, 880 (6th Cir. 1999); United States v. Easement and Right-of-Way, 386 F.2d 769, 771 (6th Cir. 1967), cert. denied sub nom. Skaggs v. United States, 390 U.S. 947 (1968); Whipp v. Weinberger, 505 F.2d 800, 801 (6th Cir. 1974) .

[2]The IRS relies both on the "[n]otwithstanding" proviso that introduces section 7609(b)(2)(A) and on the claim that the 20-day limit is "jurisdictional" and cannot be extended by a civil procedure rule, see Fed. R. Civ. P. 82. The proviso is less than crystal clear, and if Rule 6(e) did apply to statutes of limitation, it arguably would be possible to treat it as incorporated into section 7609 by implication.  Cf. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990).

days earlier, May 22. Whether equitable estoppel can be invoked against the government in a case such as this is not settled. The prexisting general rule-- that equitable estoppel, tolling, and waiver do not apply against the government in the context of a statutory deadline--was altered in <u>Irwin</u> v. <u>Department of Veterans Affairs</u>, 498 U.S. 89 (1990), so that the presumption is now the opposite at least so far as equitable tolling is concerned.

Yet in <u>United States</u> v. <u>Brockamp</u>, 519 U.S. 347 (1997), the Supreme Court limited <u>Irwin</u>'s application in a particular tax context. <u>See also</u> <u>Oropallo</u> v. <u>United States</u>, 994 F.2d 25, 28-31 (1st Cir. 1993), <u>cert. denied</u>, 510 U.S. 1050 (1994). For policy as well as textual reasons the Court concluded that equitable tolling did not apply to the statute of limitations for filing tax refund claims under 26 U.S.C. § 6511, <u>Brockamp</u>, 519 U.S. at 354, a ruling in turn modified by Congress in 1998, but only in part, 26 U.S.C. § 6511(h) (Supp. 1998). Just how far <u>Brockamp</u> extends is debatable. <u>Compare</u> <u>Capital Tracing, Inc.</u>, v. <u>United States</u>, 63 F.3d 859, 861-63 (9th Cir. 1995), <u>with</u> <u>Compagnoni</u> v. <u>United States</u>, 79 A.F.T.R.2d 97-2930, 97-2932-33 (S.D. Fla. 1997), <u>aff'd</u>, 173 F.3d 1369 (11th Cir. 1999). But we need not decide whether <u>Irwin</u> extends to equitable estoppel or whether <u>Brockamp</u> extends to section 7609 because in

any event equitable estoppel could not be made out on these facts.

Among the requirements for equitable estoppel is justified reliance on the government's false or misleading statement or conduct. <u>E.g.</u>, <u>Benitez-Pons</u> v. <u>Commonwealth of Puerto Rico</u>, 136 F.3d 54, 63 (1st Cir. 1998). Here, the agent's statement or behavior, whatever its precise character, occurred after the 20-day period had already expired. The question of justification is beside the point; obviously, Berman's counsel did not rely on the agent's statement in failing to meet the deadline because the deadline had passed before the statement was made.

The IRS brief also seeks to refute, on a precautionary basis, a possible claim by Berman based on equitable tolling. This is a somewhat different doctrine; it is based not just on misconduct by the adverse party but also on broader equitable concerns that might justify a late filing. <u>Irwin</u>, 498 U.S. at 96; <u>Kale</u> v. <u>Combined Ins. Co. of Am.</u>, 861 F.2d 746, 752 (1st Cir. 1988). However, Berman's brief contains no developed claim of equitable tolling, so the argument is forfeit. <u>United States</u> v. <u>Bongiorno</u>, 106 F.3d 1027, 1034 (1st Cir. 1997). Even if it were preserved, and <u>Brockamp</u> were put to one side, the facts suggest "at best a garden variety claim of excusable neglect"

-9-

and not a sufficient basis for equitable tolling.  Irwin, 498 U.S. at 96; Salois v. Dime Sav. Bank, 128 F.3d 20, 25 (1st Cir. 1997).

Berman's final set of arguments is that his petition to quash may be brought under jurisdictional statutes other than section 7609(b)(2)(A)--specifically, 5 U.S.C. § 702 (1994); 28 U.S.C. § 1331 (1994); 28 U.S.C. § 1340 (1994); 28 U.S.C. § 1346(a)(2) (1994); and 28 U.S.C. § 1357 (1994).  None of these statutes assists Berman.  General jurisdictional statutes such as 28 U.S.C. § 1331 and 28 U.S.C. § 1340 do not waive sovereign immunity and therefore cannot be the basis for jurisdiction over a civil action against the federal government.  Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir. 1990); cf. Coggeshall Dev. Corp. v. Diamond, 884 F.2d 1, 3-4 (1st Cir. 1989).

Although the APA, 5 U.S.C. § 702, and the Little Tucker Act, 28 U.S.C. § 1346(a)(2), do create limited waivers of sovereign immunity, neither statute is applicable to Berman's claim.  The Little Tucker Act waives sovereign immunity for non-tort claims against the United States "founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States."  28 U.S.C. § 1346(a)(2).  The

jurisdiction of the district courts is limited to claims for money damages "not exceeding $10,000 in amount." Id. The Little Tucker Act does not authorize claims that seek primarily equitable relief. Richardson v. Morris, 409 U.S. 464, 465 (1973); Bobula v. U.S. Dep't of Justice, 970 F.2d 854, 858-59 (Fed. Cir. 1992).

Claims for non-monetary relief can be raised under section 702 of the APA, but this section too is inapplicable to Berman's petition. Section 702 waives the government's sovereign immunity from claims for non-monetary relief from administrative agency action. But section 702 specifically limits the government's waiver of sovereign immunity by denying the courts any "authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. Section 7609(b)(2)(A) is such an "other statute," and it "expressly forbids" any relief if the petition is not timely filed. See Block v. North Dakota, 461 U.S. 273, 286 n.22 (1983).

The remaining statute invoked by Berman, 28 U.S.C. § 1357, gives the district courts original jurisdiction over any claim for money damages brought by an individual to recover for any injury to his person or property on account of any act done by him while enforcing any federal statute either for the

collection or protection of the revenues or to enforce the right to vote.  This provision is plainly inapplicable to Berman's petition.

The order of the district court is <u>affirmed</u>.

# United States Court of Appeals
## For the First Circuit

---

No. 01-1266

JOHN R. BERMAN,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

---

Before

Boudin, Chief Judge,

Selya and Lipez, Circuit Judges.

---

Bruce A. Singal with whom Donoghue, Barrett & Singal, P.C. was on brief for appellant.
Kenneth W. Rosenberg, Tax Division, Department of Justice, with whom Claire Fallon, Acting Assistant Attorney General, Donald K. Stern, United States Attorney, and David English Carmack, Tax Division, Department of Justice, were on brief for the United States.

September 5, 2001

BOUDIN, Chief Judge. John Berman appeals from the district court's order dismissing his motion to quash an administrative summons served by the Internal Revenue Service; the dismissal was based on the ground that the motion was not timely filed. The pertinent facts are undisputed.

From 1991 until 1999, Berman was a partner in the Boston law firm of Davis, Malm & D'Agostine ("the Davis firm"). He is the subject of an ongoing income tax investigation by the IRS for the tax years 1993 through 1998. On May 1, 2000, the IRS issued a summons to the keeper of records at the Davis firm, requiring the production of various documents pertaining to Berman. Included in the summons was a request for all correspondence between Berman and the Davis firm or its employees between January 1, 1998, and April 28, 2000.

The summons was a "third-party recordkeeper" summons governed by section 7609 of the Internal Revenue Code. 26 U.S.C. § 7609 (1994 & Supp. 1998). Third-party recordkeepers are defined as certain institutions and individuals--including attorneys and law firms--that customarily maintain financial or business records. Id. § 7603(b)(2) (Supp. 1998). By statute, the IRS must provide notice of the summons not just to the recordkeeper but also to the individual to whom the summons pertains. Id. § 7609(a)(1) (Supp. 1998). The notice must

-3-

contain a copy of the summons and an explanation of the noticee's right to initiate a proceeding to quash it.  Id.

The IRS mailed a notice of summons to Berman's counsel by certified mail dated May 2, 2000; Berman had previously designated his counsel as the person to receive such notices. The certified mail receipt returned to the IRS indicates that Berman's counsel received the notice the next day, May 3. Section 7609(a)(2) provides inter alia that the notice "shall be sufficient if . . . mailed to" the person or his designated representative.  Section 7609(b)(2)(A) further  provides in relevant part:

> Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2).

Twenty-two days after the summons was mailed by the IRS--on May 24, 2000--Berman filed a petition to quash the summons, alleging that a particular letter responsive to the summons was privileged under the attorney-client, work product, and joint defense privileges.  The district court eventually dismissed the petition to quash on the ground that it had not been filed within the statutory 20-day period.  This appeal followed.

On appeal, Berman claims that his filing was timely because, under a civil procedure rule, he had three extra days to respond to a mailed notice. Alternatively, he says that the IRS is barred by equitable estoppel from invoking the 20-day deadline because an IRS agent said that the petition was timely if filed by May 24. Lastly, Berman says that there are alternative bases of jurisdiction independent of the statutory petition to quash. These arguments turn on issues of law that we resolve de novo.

Perhaps (we need not decide the point) an ordinary reader of section 7609 might at first be uncertain whether, in the case of mailed notices, the 20-day period runs from the date of mailing or the date of receipt. Section 7609(b)(2)(A) says that the proceeding to quash must be initiated "not later than the 20th day after notice is given in the manner provided in [section 7609](a)(2)," which in turn says that notice is "sufficient" if "mailed."

However, the statutory provisions, taken together and read carefully, literally say that the 20 days run from the date that notice is "mailed." Even brief research would reveal that the case law requires a motion to quash under section 7609 to be filed within 20 days of the mailing of the notice, not of its receipt. Faber v. United States, 921 F.2d 1118, 1119 (10th Cir.

-5-

1990); <u>Stringer</u> v. <u>United States</u>, 776 F.2d 274, 275 (11th Cir. 1985). A Treasury Department regulation confirms this reading. 26 C.F.R. § 301.7609-3(2) (2001) (proceeding to quash must be commenced "not later than the 20th day following the day the notice of the summons was . . . mailed").

In all events, Berman does not seriously dispute that section 7609 requires that the petition to quash be filed within 20 days of the date the notice was mailed. (Here, as it happens, using the date of receipt would not help Berman.) Instead, Berman argues that he is entitled to the benefits of Rule 6(e), which provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period." Fed. R. Civ. P. 6(e). If Rule 6(e) applied, Berman's petition would be timely.

By its terms, Rule 6(e) is centrally concerned with what a "party" does and a "party" operates within the framework of an existing case. By contrast, statutes of limitation such as section 7609 govern the time for commencing an action. The prevailing view in the case law is that Rule 6(e) does not apply

to statutes of limitation,[1] and at least two cases have held explicitly that Rule 6(e) does not extend the 20-day period prescribed by section 7609.  Clay v. United States, 199 F.3d 876, 880 (6th Cir. 1999); Brohman v. Mason, 587 F. Supp. 62, 63 (W.D.N.Y. 1984).  But see Turner v. United States, 881 F. Supp. 449, 451 (D. Haw. 1995) (dicta).  We adopt the majority view, so it is unnecessary to resolve several other, perhaps less impressive, arguments pressed by the IRS to defeat the application of Rule 6(e).[2]

Berman's second argument is that, even if Rule 6(e) does not apply, the IRS is equitably estopped from asserting the 20-day statute of limitations because one of its agents represented to Berman's counsel in a May 24 telephone conversation that she believed that the deadline for filing the petition was that day, May 24, when in fact the 20th day was two

---

[1]E.g., Clay v. United States, 199 F.3d 876, 880 (6th Cir. 1999); United States v. Easement and Right-of-Way, 386 F.2d 769, 771 (6th Cir. 1967), cert. denied sub nom. Skaggs v. United States, 390 U.S. 947 (1968); Whipp v. Weinberger, 505 F.2d 800, 801 (6th Cir. 1974) .

[2]The IRS relies both on the "[n]otwithstanding" proviso that introduces section 7609(b)(2)(A) and on the claim that the 20-day limit is "jurisdictional" and cannot be extended by a civil procedure rule, see Fed. R. Civ. P. 82. The proviso is less than crystal clear, and if Rule 6(e) did apply to statutes of limitation, it arguably would be possible to treat it as incorporated into section 7609 by implication.  Cf. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990).

days earlier, May 22. Whether equitable estoppel can be invoked against the government in a case such as this is not settled. The prexisting general rule-- that equitable estoppel, tolling, and waiver do not apply against the government in the context of a statutory deadline--was altered in <u>Irwin</u> v. <u>Department of Veterans Affairs</u>, 498 U.S. 89 (1990), so that the presumption is now the opposite at least so far as equitable tolling is concerned.

Yet in <u>United States</u> v. <u>Brockamp</u>, 519 U.S. 347 (1997), the Supreme Court limited <u>Irwin</u>'s application in a particular tax context. <u>See also</u> <u>Oropallo</u> v. <u>United States</u>, 994 F.2d 25, 28-31 (1st Cir. 1993), <u>cert. denied</u>, 510 U.S. 1050 (1994). For policy as well as textual reasons the Court concluded that equitable tolling did not apply to the statute of limitations for filing tax refund claims under 26 U.S.C. § 6511, <u>Brockamp</u>, 519 U.S. at 354, a ruling in turn modified by Congress in 1998, but only in part, 26 U.S.C. § 6511(h) (Supp. 1998). Just how far <u>Brockamp</u> extends is debatable. <u>Compare</u> <u>Capital Tracing, Inc.</u>, v. <u>United States</u>, 63 F.3d 859, 861-63 (9th Cir. 1995), <u>with</u> <u>Compagnoni</u> v. <u>United States</u>, 79 A.F.T.R.2d 97-2930, 97-2932-33 (S.D. Fla. 1997), <u>aff'd</u>, 173 F.3d 1369 (11th Cir. 1999). But we need not decide whether <u>Irwin</u> extends to equitable estoppel or whether <u>Brockamp</u> extends to section 7609 because in

any event equitable estoppel could not be made out on these facts.

Among the requirements for equitable estoppel is justified reliance on the government's false or misleading statement or conduct. <u>E.g.</u>, <u>Benitez-Pons</u> v. <u>Commonwealth of Puerto Rico</u>, 136 F.3d 54, 63 (1st Cir. 1998). Here, the agent's statement or behavior, whatever its precise character, occurred after the 20-day period had already expired. The question of justification is beside the point; obviously, Berman's counsel did not rely on the agent's statement in failing to meet the deadline because the deadline had passed before the statement was made.

The IRS brief also seeks to refute, on a precautionary basis, a possible claim by Berman based on equitable tolling. This is a somewhat different doctrine; it is based not just on misconduct by the adverse party but also on broader equitable concerns that might justify a late filing. <u>Irwin</u>, 498 U.S. at 96; <u>Kale</u> v. <u>Combined Ins. Co. of Am.</u>, 861 F.2d 746, 752 (1st Cir. 1988). However, Berman's brief contains no developed claim of equitable tolling, so the argument is forfeit. <u>United States</u> v. <u>Bongiorno</u>, 106 F.3d 1027, 1034 (1st Cir. 1997). Even if it were preserved, and <u>Brockamp</u> were put to one side, the facts suggest "at best a garden variety claim of excusable neglect"

-9-

and not a sufficient basis for equitable tolling.  <u>Irwin</u>, 498 U.S. at 96; <u>Salois</u> v. <u>Dime Sav. Bank</u>, 128 F.3d 20, 25 (1st Cir. 1997).

Berman's final set of arguments is that his petition to quash may be brought under jurisdictional statutes other than section 7609(b)(2)(A)--specifically, 5 U.S.C. § 702 (1994); 28 U.S.C. § 1331 (1994); 28 U.S.C. § 1340 (1994); 28 U.S.C. § 1346(a)(2) (1994); and 28 U.S.C. § 1357 (1994).  None of these statutes assists Berman.  General jurisdictional statutes such as 28 U.S.C. § 1331 and 28 U.S.C. § 1340 do not waive sovereign immunity and therefore cannot be the basis for jurisdiction over a civil action against the federal government.  <u>Lonsdale</u> v. <u>United States</u>, 919 F.2d 1440, 1444 (10th Cir. 1990); <u>cf.</u> <u>Coggeshall Dev. Corp.</u> v. <u>Diamond</u>, 884 F.2d 1, 3-4 (1st Cir. 1989).

Although the APA, 5 U.S.C. § 702, and the Little Tucker Act, 28 U.S.C. § 1346(a)(2), do create limited waivers of sovereign immunity, neither statute is applicable to Berman's claim.  The Little Tucker Act waives sovereign immunity for non-tort claims against the United States "founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States."  28 U.S.C. § 1346(a)(2).  The

-10-

jurisdiction of the district courts is limited to claims for money damages "not exceeding $10,000 in amount." Id. The Little Tucker Act does not authorize claims that seek primarily equitable relief. Richardson v. Morris, 409 U.S. 464, 465 (1973); Bobula v. U.S. Dep't of Justice, 970 F.2d 854, 858-59 (Fed. Cir. 1992).

Claims for non-monetary relief can be raised under section 702 of the APA, but this section too is inapplicable to Berman's petition. Section 702 waives the government's sovereign immunity from claims for non-monetary relief from administrative agency action. But section 702 specifically limits the government's waiver of sovereign immunity by denying the courts any "authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. Section 7609(b)(2)(A) is such an "other statute," and it "expressly forbids" any relief if the petition is not timely filed. See Block v. North Dakota, 461 U.S. 273, 286 n.22 (1983).

The remaining statute invoked by Berman, 28 U.S.C. § 1357, gives the district courts original jurisdiction over any claim for money damages brought by an individual to recover for any injury to his person or property on account of any act done by him while enforcing any federal statute either for the

collection or protection of the revenues or to enforce the right to vote.  This provision is plainly inapplicable to Berman's petition.

The order of the district court is <u>affirmed</u>.